UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT H. PFLUG, JR., as Personal
Representative of the Estate of Arlene
S. Pflug, Deceased,

    Plaintiff,

v.                                                       Case No. 8:20-cv-2480-TPB-SPF

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant's "Motion for Summary Judgment (Declaratory Relief Requested)." (Doc. 18). Plaintiff filed a response in opposition to Defendant's motion on November 5, 2021. (Doc. 21). Defendant filed a reply on November 12, 2021. (Doc. 22). On review of the motion, response, reply, court file, and record, the Court finds as follows:

### Background

The facts are largely undisputed. On May 15, 2018, Defendant Allstate Fire and Casualty Insurance Company issued a Florida auto insurance policy to Arlene Pflug. This policy carried uninsured motorist ("UM") coverage with limits of $10,000 for each person. Because the policy included UM coverage limits lower than the bodily injury liability limits, Allstate was required to obtain a written rejection of the higher limits. Arlene Pflug signed into her account and followed the steps to electronically sign the

UM form rejecting the higher coverage limit. The Office of Insurance Regulation ("OIR") had approved this form.

On February 25, 2020, Arlene Pflug died as the result of a traffic accident caused by a negligent driver. On September 11, 2020, Plaintiff Robert H. Pflug, Jr., as the personal representative of the estate of Arlene S. Pflug, filed this lawsuit in state court seeking a declaration regarding the amount of UM coverage available. Specifically, Plaintiff demands a declaration that $200,000 is available in UM coverage for the death of Arlene Pflug because she did not provide an informed, knowing rejection of the UM coverage. On October 23, 2020, Defendant removed the action.

## **Legal Standard**

The Court may grant summary judgment only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material where it is determinative of a legal element of a claim that "might affect the outcome of the case." *See Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Whether a genuine issue concerning a material fact exists is itself a question of law that must be decided by the court." *See Carlson v. FedEx Ground Package Systems, Inc.*, 787 F.3d 1313, 1317-18 (11th Cir. 2015).

The moving party bears the initial burden to show there is no genuine issue of material fact, and all factual inferences are viewed in the light most favorable to the nonmoving party. *Cozzi v. City of Birgmingham*, 892 F.3d 1288, 1293 (11th Cir. 2018); *Allen*, 121 F.3d at 646; *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1532 (11th Cir. 1987). Once the moving party has met its burden, the nonmoving party must identify facts

and evidence that show the existence of a genuine issue of material fact. *Jeffrey v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). Speculation does not create a genuine issue of fact and there must be more than a mere scintilla of evidence to survive summary judgment. *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

## Discussion

Defendant seeks summary judgment and declaratory relief, arguing that because Arlene Pflug electronically signed a UM form selecting the lower non-stacked limit, this claim is limited to $10,000. In support, Defendant identifies the insurance policy, which reflects UM insurance for bodily injury with limits of $10,000 per person, $20,000 per accident, which may not be stacked. Defendant points to the signed UM form, which was attached to the complaint. Defendant also provides exhibits, such as declarations and discovery responses, to document and explain the process that Arlene Pflug navigated in May 2018 when signing her UM form.

In opposition to summary judgment, Plaintiff contends that the UM form is not valid and is therefore unenforceable. Specifically, Plaintiff argues that (1) Arlene Pflug's rejection did not constitute an informed, knowing choice, and (2) her electronic signature was not valid.

### *Informed and Knowing Rejection*

Defendant first argues that there is no genuine issue of material fact that would preclude summary judgment concerning whether Arlene Pflug made an informed and knowing rejection of UM coverage. Florida law requires that any automobile insurance policy that includes bodily injury coverage provide stacking UM coverage with

matching limits. § 626.727(1), *F.S.* However, an insured may reject UM coverage, select stacking coverage with limits lower than the bodily injury limits, or select non-stacking UM coverage authorized by § 627.727(9), *F.S. State Farm Fire & Cas. Ins. Co. v. Wilson*, No. 2D19-4046, 2021 WL 2024167, at *3 (Fla. 2d DCA 2021). "If an insured makes such a choice and does so by signing an OIR-approved form, it 'shall be conclusively presumed' that the insured has made an 'informed, knowing' choice regarding UM coverage 'on behalf of all insureds.'" *Id.* (quoting §§ 627.727(1),(9), *F.S.*).

"Evidence of a signed rejection form represents a prima facie showing that UM coverage does not apply." *Witherup v. State Farm Mutual Automobile Insurance Company*, 214 F. Supp. 3d 1272, 1277 (M.D. Fla 2016) (citing *State Farm Mut. Auto. Ins. Co. v. Parrish*, 873 So. 2d 547, 549 (Fla. 5th DCA 2004)). Once the insurer presents a signed rejection form, the "conclusive" presumption that the waiver was informed and knowing can be overcome by evidence presented by the insured of exigent circumstances, such as forgery, fraud, or trickery. *Id.*

In this case, Defendant has presented a signed rejection form. As such, there is a presumption that Arlene Pflug's rejection was knowing and informed, and UM coverage does not apply unless the insured is able to overcome that presumption by evidence of exigent circumstances. Here, Plaintiff points to no record evidence that would overcome the statutory presumption. Plaintiff argues that the amount of time spent on the single-page form – 55 seconds – suggests that the rejection was not knowing or informed, but this evidence would not overcome the presumption. *See id.* ("Merely contending that the rejection was not knowingly made is insufficient, as is testimony that the insured did not read the rejection forms."). Plaintiff has also failed

to point to any extraordinary circumstances, such as forgery, fraud, or trickery, that could preclude summary judgment. As such, the Court concludes that Defendant has established that Arlene Pflug's rejection was an informed and knowing choice, and Plaintiff has failed to overcome that presumption.

*Written Signature*

Defendant next argues that there is no genuine issue of material of fact as to whether Plaintiff signed the UM form. Under Florida law, an electronic signature "means an electronic sound, symbol, or process attached to or logically associated with a record and executed or adopted by a person with the intent to sign the record." § 668.50(2)(h) *F.S.* "An electronic record or electronic signature is attributable to a person if the record or signature was the act of the person." § 668.50(9)(a) *F.S.* "The act of the person may be shown in any manner, including a showing of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable[.]" *Id.*

Defendant has pointed to the signed UM form to support its request for summary judgment. Plaintiff argues that because the signature was a block of her name, not an actual written signature, the rejection was unsigned. However, Florida's UM statute allows electronic signatures and "a signature may be validly affixed by a number of different means." *Haire v. Florida Dept. of Ag. And Cons. Services*, 870 So. 2d 774, 789 (Fla. 2004). As such, the Court concludes that there is no genuine issue of fact on the question of whether Arlene Pflug signed the rejection form.

For better or for worse, electronic signatures are now a part of everyday life. They are legally valid. Many of us knowingly choose to affix our signatures, both electronic and physical, to contracts without carefully reading the contractual obligations we are getting ourselves into. When we make that choice, as many of us do, we have to live with the consequences.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant's "Motion for Summary Judgment (Declaratory Relief Requested)" is hereby **GRANTED to the extent that the Court finds that Plaintiff is entitled to uninsured motorists benefits up to the sum of $10,000.00 provided by insurance policy 981971096.**

(2) The parties are instructed to jointly file a proposed final judgment on or before January 21, 2022. If the parties do not agree on the form of judgment, they may submit separate proposals.

**DONE** and **ORDERED** in Chambers in Tampa, FL, this 30th day of December, 2021.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**